**Dariel Realty Corp. v 89 New Chinatown Rest.**

2026 NY Slip Op 30895(U)

March 10, 2026

Supreme Court, New York County

Docket Number: Index No. 159201/2023

Judge: Brendan T. Lantry

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

INDEX NO. 159475/2024

RECEIVED NYSCEF: 03/11/2026

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. BRENDAN T. LANTRY**

*Justice*

PART      46M

-----------------------------------------------------------------------------X

DARIEL REALTY CORP.,

         Plaintiff,

     -- against –

89 NEW CHINATOWN RESTAURANT, ZHIJIE JIANG d/b/a 89 NEW CHINATOWN RESTAURANT and ZHIJIE JIANG individually, NY FIRETECH, INC., EDUARDO CASTRO, EDUARDO CASTRO d/b/a PROFESSIONAL CLEANING FIRE PREVENTION, CO.,

         Defendants.

-----------------------------------------------------------------------------X

89 NEW CHINATOWN RESTAURANT, ZHIJIE JIANG d/b/a 89 NEW CHINATOWN RESTAURANT and ZHIJIE JIANG individually,

         Third-Party Plaintiffs,

     -- against –

NY FIRETECH, INC., EDUARDO CASTRO, EDUARDO CASTRO d/b/a PROFESSIONAL CLEANING FIRE PREVENTION, CO., and SUMWIN HEATING AND COOLING, INC.,

         Third-Party Defendants.

-----------------------------------------------------------------------------X

UTICA FIRST INSURANCE COMPANY as subrogee of ZHIJIE JIANG d/b/a 89 NEW CHINATOWN RESTAURANT and THE D FOOD INC d/b/a ROYAL FRIED CHICKEN,

INDEX NO.     159201/2023
159475/2024

MOTION DATE     12/03/2025

MOTION SEQ. NO.     001

**DECISION + ORDER ON MOTION**

159201/2023
(Action No. 1)

159475/2024
(Action No. 2)

159475/2024    UTICA FIRST INSURANCE COMPANY AS SUBROGEE OF ZHIJIE JIANG D/B/A 89 NEW CHINATOWN RESTAURANT AND THE D FOOD INC D/B/A ROYAL FRIED CHICKEN vs. NY FIRETECH INC ET AL
Motion No.  001

Page 1 of 4

Plaintiff,

-- against –

NY FIRETECH INC, EDUARDO CASTRO, EDUARDO
CASTRO d/b/a PROFESSIONAL CLEANING FIRE
PREVENTION CO. and SUMWIN HEATING &
COOLING INC,

Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33

were read on this motion to/for          JUDGMENT - DEFAULT          .

Plaintiff UTICA FIRST INSURANCE COMPANY (hereinafter "UTICA") moves for a default judgment pursuant to CPLR § 3215 against Defendant SUMWIN HEATING & COOLING INC (hereinafter "SUMWIN") for failure to appear or otherwise respond to the Complaint.

A plaintiff moving for default judgment must establish proper service on defendant, defendant's default, and the facts constituting the plaintiff's claims. *See* CPLR § 3215(f).

Here, UTICA has established proper service upon SUMWIN by serving a copy of the summons and verified complaint upon the New York Secretary of State on or about December 17, 2024 (*see* NYSCEF Doc. No. 28). SUMWIN has failed to appear or answer, and the time to do so has expired.  As such, SUMWIN is in default of this proceeding.

By virtue of a defendant's default, the defendant is "deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" and the issue of liability is thus determined as a matter of law (*see Paez v 1610 Saint Nicholas Ave. L.P.*, 113 AD3d 523 [1st Dept 2014]). UTICA has sufficiently proven the facts constituting its claim for default judgment against SUMWIN through the affirmation of Nicholas K. Neonakis, Esq. and the exhibits annexed thereto (*see* NYSCEF Doc. Numbers 16-31).

[* 2]

Finally, the UTICA has satisfied its notice requirements pursuant to CPLR 3215(g) in effectuating additional service of the summons by first class mail upon SUMWIN at its last known address on or about March 20, 2025 and June 27, 2025 (*see* NYSCEF Doc. Numbers 29 and 30).

Accordingly, it is ORDERED that the motion by Plaintiff UTICA for a default judgment pursuant to CPLR § 3215 against Defendant SUMWIN is granted, without opposition; and it is further

ORDERED that this matter shall be set down for an assessment of damages as against SUMWIN; and it is further

ORDERED that UTICA may file a Notice of Issue/Notice of Inquest against SUMWIN; and it is further

ORDERED that counsel for UTICA is directed to serve a copy of this Decision and Order with notice of entry within twenty days upon SUMWIN and upon the Clerk of the General Clerk's Office, who is directed, upon the filing of a Note of Issue/Notice of Inquest and a certificate of readiness and the payment of proper fees, if any, to place this action on the appropriate trial calendar for the assessment hereinabove directed, and it is further

ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

159475/2024   UTICA FIRST INSURANCE COMPANY AS SUBROGEE OF ZHIJIE JIANG D/B/A 89          Page 3 of 4
NEW CHINATOWN RESTAURANT AND THE D FOOD INC D/B/A ROYAL FRIED CHICKEN vs. NY
FIRETECH INC ET AL
Motion No.  001

3 of 4

This constitutes the Decision and Order of the Court.

_____
**3/10/2026**
**DATE**

_____
**BRENDAN T. LANTRY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

159475/2024   UTICA FIRST INSURANCE COMPANY AS SUBROGEE OF ZHIJIE JIANG D/B/A 89   Page 4 of 4
NEW CHINATOWN RESTAURANT AND THE D FOOD INC D/B/A ROYAL FRIED CHICKEN vs. NY
FIRETECH INC ET AL
Motion No.  001

4 of 4

[* 4]